UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL J. BARRETT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**Nature of the Action**

1. This is a class action brought under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing regulations, 12 C.F.R. pt. 1005 *et seq.* ("Regulation E"), both of which establish the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services, and those of financial institutions that offer these same services.

2. According to the statute and Regulation E, the EFTA's primary objective is the protection of individual consumers engaging in electronic fund transfers.

3. One such protective measure is allowing consumers to terminate preauthorized electronic fund transfers up to three business days prior to the scheduled transfer.

4. Any efforts by creditors or other financial institutions to interfere with this right—for example, by requiring more than three days' notice—is expressly forbidden.

5. This action concerns USAA Federal Savings Bank's ("Defendant") routine business practice of improperly limiting consumers' rights to terminate preauthorized electronic fund transfers, in violation of the statute and regulations.

6. Michael J. Barrett ("Plaintiff") brings this action on behalf of himself and all other Massachusetts consumers whose rights Defendant similarly infringed through its use of standardized "Authorization Agreements for Preauthorized Loan Payments" that require a minimum of five business days' notice—rather than three—for termination of preauthorized electronic fund transfers.

**Parties**

7. Plaintiff is a natural person who at all relevant times resided in Plymouth County, Massachusetts.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(5) and 12 C.F.R. pt. 1005.2(e).

9. Defendant is a federally registered bank with corporate offices in San Antonio, Texas.

10. Defendant offers a variety of banking and financial services to consumers, including consumer credit financing.

11. Defendant is a Federal Savings Bank and an entity that, directly or indirectly, holds an account belonging to a consumer, and as such is a "financial institution" as defined by 15 U.S.C. § 1693a(9).

**Jurisdiction and Venue**

12. This Court has jurisdiction under 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

13. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district.

**Factual Allegations**

14. In September 2020, Plaintiff obtained a loan from Defendant to finance his purchase of an automobile.

15. In connection with this loan, Plaintiff signed a Note, Disclosure, and Security Agreement (the "Agreement") with Defendant.

16. A true and correct copy of the Agreement is attached as Exhibit A.

17. Alongside the Agreement that Plaintiff signed, Defendant provided Plaintiff several other documents, including an Authorization Agreement for Preauthorized Loan Payments (the "Authorization").

18. A true and correct copy of the Authorization is attached as Exhibit B.

19. The Authorization provides Defendant permission to automatically withdraw Plaintiff's monthly loan payments from his checking account with Rockland Federal Credit Union.

20. Plaintiff established his checking account with Rockland Federal Credit Union primarily for personal, family, or household purposes, so it is an "account" as defined by 15 U.S.C. § 1693a(2)

21. Pertinent here, the Authorization provides that Plaintiff may terminate the automatic payment withdrawals so long as Defendant is given at least five business days' notice: "I can terminate this authorization at any time, but USAA must receive notification from me of its termination at least five business days prior to the draft date to afford USAA reasonable opportunity to act on it." Ex. B at 2.

22. Defendant goes on to warn: "If USAA does not receive the notice prior to this time, it will be effective as of the next draft date." *Id.*

23. Pursuant to the Authorization, Plaintiff has made several preauthorized, automatic loan payments totaling hundreds of dollars.

## Class Action Allegations

24. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of the following class of consumers:

> All persons throughout Massachusetts who, within one year preceding the filing of this complaint, (a) entered into a consumer credit transaction with USAA Federal Savings Bank, and (b) signed an authorization agreement for preauthorized loan payments with USAA Federal Savings Bank that required five business days' notice to terminate a preauthorized electronic fund transfer.

25. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

26. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

27. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

28. The members of the proposed class are ascertainable because the class is defined by reference to objective criteria.

29. The proposed class members are identifiable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

30. The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

31. To be sure, the claims of Plaintiff and all of the members of the class originate from the same conduct, practice, and procedure on the part of Defendant—offering an electronic

fund authorization agreement that requires five business days' notice to terminate a preauthorized electronic fund transfer—and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

32. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

33. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that he seeks to represent.

34. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

35. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

36. There will be no difficulty in the management of this action as a class action.

37. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

38. Among the issues of law and fact common to the class are:

   a) Defendant's status as a financial institution within the purview of the EFTA;
   b) Defendant's violations of the EFTA and its implementing regulations, as alleged herein;
   c) the availability of statutory penalties; and
   d) the availability of attorneys' fees and costs.

**Count I: Violations of 15 U.S.C. § 1693e(a) and 12 C.F.R. pt. 1005.10(c)(1)**

39. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 38.

40. The EFTA at section 1693e(a) provides in pertinent part:

A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. *A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer.* The financial institution may require written confirmation to be provided to it within fourteen days of an oral notification if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent.

(emphasis added).

41. Likewise, Regulation E provides in pertinent part: "A consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing *at least three business days before the scheduled date of the transfer*." 12 C.F.R. pt. 1005.10(c)(1) (emphasis added).

42. However, the Authorization with Defendant requires a minimum of five business days' notice to terminate an electronic fund transfer: "USAA must receive notification from me of its termination at least five business days prior to the draft date to afford USAA reasonable opportunity to act on it." Ex. B at 2.

43. Without such five days' notice, Defendant will not honor a termination request for the upcoming preauthorized electronic fund transfer but will instead apply that request to the next scheduled transfer: "If USAA does not receive the notice prior to this time, it will be effective as of the next draft date." *Id.*

44. The "draft date" referenced in the Authorization refers to a "preauthorized electronic fund transfer" as defined in 15 U.S.C. § 1693a(10) and 12 C.F.R. pt. 1005.3(b).

6

45. Defendant violated 15 U.S.C. § 1693e(a) and 12 C.F.R. pt. 1005.10(c)(1) by requiring Plaintiff to provide it with at least five business days' notice to terminate a preauthorized electronic fund transfer, thus limiting the more generous termination rights legally provided to Plaintiff under the EFTA and Regulation E.

46. The harm suffered by Plaintiff is particularized in that the violative Authorization was presented to him personally, regarded his personal obligations in connection with the Agreement and his preauthorized electronic payments, and improperly restricted his termination rights with regard to those preauthorized electronic payments.

47. Indeed, Defendant did not provide Plaintiff an opportunity to utilize preauthorized electronic payments without the improperly restrictive termination requirements complained of herein.

48. What's more, Defendant's improper restriction of Plaintiff's termination rights constitutes a *substantive* violation of the EFTA:

> Congress enacted [the] EFTA to protect individual consumer rights in the context of electronic fund transfers. 15 U.S.C. § 1693(b). Among these substantive rights is the right of a consumer to enter into a credit agreement without being required to agree to preauthorized EFTs. *Id.* § 1693k. This is the same right that Curtis alleges that Propel violated in its TPA with him. *Curtis also alleges that Propel violated another of [the] EFTA's substantive rights when it included in the TPA an EFT stop-payment provision that was more restrictive than what [the] EFTA requires. See id. §§ 1693e, 1693l. Thus, the injury he alleges is of the type of harm Congress sought to prevent when it enacted [the] EFTA.*

*Curtis v. Propel Prop. Tax Funding, LLC*, 915 F.3d 234, 241 (4th Cir. 2019) (internal quotations omitted, and emphasis added).

49. In other words, the EFTA violation at issue here—regarding Plaintiff's ability to freely terminate his preauthorized electronic payments within three days of the scheduled payment—threatens the core purpose of the EFTA: protecting those consumers who engage in such preauthorized transfers.

7

**Count II: Violation of 15 U.S.C. § 1693l**

50. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 38.

51. The EFTA at section 1693l states:

> *No writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this title.* Nothing in this section prohibits, however, any writing or other agreement which grants to a consumer a more extensive right or remedy or greater protection than contained in this title or a waiver given in settlement of a dispute or action.

(emphasis added).

52. To that end, the Authorization with Defendant requires a minimum of five business days' notice to terminate an electronic fund transfer: "USAA must receive notification from me of its termination at least five business days prior to the draft date to afford USAA reasonable opportunity to act on it." Ex. B at 2.

53. However, the EFTA at section 1693e(a) gives consumers termination rights up to *three business days* prior to the scheduled transfer:

> A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. *A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer.* The financial institution may require written confirmation to be provided to it within fourteen days of an oral notification if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent.

(emphasis added).

54. Moreover, Regulation E confirms this three-day window: "A consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying

the financial institution orally or in writing *at least three business days before the scheduled date of the transfer.*" 12 C.F.R. pt. 1005.10(c)(1) (emphasis added).

55. The "draft date" referenced in the Authorization, *see* Ex. B at 2, refers to a "preauthorized electronic fund transfer" as defined in 15 U.S.C. § 1693a(10) and 12 C.F.R. pt. 1005.3(b).

56. Therefore, Defendant violated 15 U.S.C. § 1693l by entering into a written agreement with Plaintiff (*i.e.*, the Authorization) that contained a provision (*i.e.*, "USAA must receive notification from me of its termination at least five business days prior to the draft date") constituting a waiver of Plaintiff's right to terminate preauthorized electronic fund transfers with only three business days' notice preceding the scheduled transfer, as allowed by law.

57. The harm suffered by Plaintiff is particularized in that the violative Authorization was presented to him personally, regarded his personal obligations in connection with the Agreement and his preauthorized electronic payments, and constituted of waiver of Plaintiff's statutory termination rights with regard to those preauthorized electronic payments.

58. Indeed, Defendant did not provide Plaintiff an opportunity to utilize preauthorized electronic payments without the improperly restrictive termination requirements complained of herein.

59. What's more, Defendant's improper restriction of Plaintiff's termination rights constitutes a *substantive* violation of the EFTA:

> Congress enacted [the] EFTA to protect individual consumer rights in the context of electronic fund transfers. 15 U.S.C. § 1693(b). Among these substantive rights is the right of a consumer to enter into a credit agreement without being required to agree to preauthorized EFTs. *Id.* § 1693k. This is the same right that Curtis alleges that Propel violated in its TPA with him. *Curtis also alleges that Propel violated another of [the] EFTA's substantive rights when it included in the TPA an EFT stop-payment provision that was more restrictive than what [the] EFTA*

9

*requires. See id. §§ 1693e, 1693l. Thus, the injury he alleges is of the type of harm Congress sought to prevent when it enacted [the] EFTA.*

*Curtis*, 915 F.3d at 241 (internal quotations omitted, and emphasis added).

60. In other words, the EFTA violation at issue here—regarding Plaintiff's ability to freely terminate his preauthorized electronic payments within three days of the scheduled payment—threatens the core purpose of the EFTA: protecting those consumers who engage in such preauthorized transfers.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1693e(a), 15 U.S.C. § 1693l, and 12 C.F.R. pt. 1005.10(c)(1) by requiring that Plaintiff and other class members provide at least five business days' notice to terminate their preauthorized electronic fund transfers;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1693m(a)(2);

D. Awarding members of the class actual damages, as applicable, pursuant to 15 U.S.C. § 1693m(a)(1);

E. Enjoining Defendant from future violations of 15 U.S.C. § 1693e(a), 15 U.S.C. § 1693l, and 12 C.F.R. pt. 1005.10(c)(1) with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1693m(a)(3) and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

DATED:  November 25, 2020                Respectfully submitted,


/s/ Kevin V. K. Crick
Kevin V. K. Crick
Rights Protection Law Group, PLLC
100 Cambridge St., Suite 1400
Boston, MA 02114
Tel: (844) 574-4487
Fax: (888) 622-3715
k.crick@rightsprotect.com

Jesse S. Johnson*
Greenwald Davidson Radbil PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, Florida 33487
Tel: (561) 826-5477
Fax: (561) 961-5684
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

*to seek admission *pro hac vice*